Rosa Maria RODRIGUEZ
DE CID, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–73065.

· United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 23, 2007.

Apt. D., Lake Forest, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Jennifer L. Lightbody, Esq., San Francisco, CA, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Rosa Maria Rodriguez de Cid, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

Where, as here, the BIA affirms without opinion, this Court reviews the IJ's decision directly. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Substantial evidence supports the IJ's finding that Rodriguez de Cid's fear of persecution by the people who sold her a fake passport and the person who killed her father was not on account of a protected ground. *See Molina–Morales v. INS*, 237 F.3d 1048, 1051–52 (9th Cir. 2001). Substantial evidence also supports the IJ's finding that Rodriguez de Cid lacked a well-founded fear of future persecution from clandestine student groups because she testified that she no longer fears them. *See Mendez–Gutierrez v. Gonzales*, 444 F.3d 1168, 1171 (9th Cir.2006). Accordingly, Rodriguez de Cid's asylum claim fails.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because Rodriguez de Cid failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Molina–Morales*, 237 F.3d at 1052.

Substantial evidence also supports the IJ's denial of Rodriguez de Cid's CAT claim because she did not show that it was more likely than not that she would be tortured if she returned to Guatemala. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**