**Marlon Amado RUIZ–LOPEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71469.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

Marlon Amado Ruiz–Lopez, Norwalk, CA, pro se.

Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Russell J.E. Verby, Esq., U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Marlon Amado Ruiz–Lopez, a native and citizen of Nicaragua, petitions pro se for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Substantial evidence supports the IJ's and BIA's determination that the vague threats made against Ruiz–Lopez neither rise to the level of past persecution nor demonstrate that he has a well-founded fear of future persecution. *See Mendez–Gutierrez v. Ashcroft,* 340 F.3d 865, 870 n. 6 (9th Cir.2003) (stating that "unspecified threats" did not constitute past persecution); *see also Mendez–Gutierrez v. Gonzales,* 444 F.3d 1168, 1172 (9th Cir.2006) (vague and conclusory allegations regarding threats insufficient to establish a well-founded fear of future persecution). Accordingly, Ruiz–Lopez is not eligible for asylum.

Because Ruiz–Lopez failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Singh v. INS,* 134 F.3d 962, 971 (9th Cir. 1998).

Finally, Ruiz–Lopez failed to demonstrate that it is more likely than not that he will be tortured if returned to Nicaragua. *See Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002) (stating that harassment, wiretapping, staged car crashes, detention

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and interrogation did not amount to torture).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.