Juana Lorena TZOC–ALFARO,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–70374.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 16, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

424

Simon Salinas, Esq., Tustin, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

### MEMORANDUM **

Juana Lorena Tzoc–Alfaro, a native and citizen of Guatemala, petitions for review of the order of the Board of Immigration Appeals that summarily affirmed the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Nahrvani v. Gonzales,* 399 F.3d 1148, 1151 (9th Cir.2005), and we deny the petition for review.

Substantial evidence supports the IJ's decision. The evidence in the record does not compel the conclusion that the threats made against Tzoc–Alfaro and her husband establish a well-founded fear of future persecution in Guatemala. *See Mendez–Gutierrez v. Gonzales,* 444 F.3d 1168, 1171–72 (9th Cir.2006); *see also Nahrvani,* 399 F.3d at 1154–54. Furthermore, Tzoc–Alfaro did not demonstrate that her father-in-law's death, the robbery she suffered, or the abuse committed against her by her brother occurred on account of a protected ground. *See Sangha v. INS,* 103 F.3d 1482, 1490 (9th Cir.1997).

Because Tzoc–Alfaro failed to meet her burden for asylum, she necessarily did not satisfy the more stringent standard for withholding of removal. *See Nahrvani,* 399 F.3d at 1154.

Substantial evidence also supports the IJ's decision that Tzoc–Alfaro has not shown that it is more likely than not that she would be tortured if she returns to

---

** This disposition is not appropriate for publication and is not precedent except as provid- ed by 9th Cir. R. 36–3.

Guatemala. *See Singh v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003).

With respect to Tzoc–Alfaro's challenge to a letter instructing her to report for removal, we note that Tzoc–Alfaro's stay of removal was reinstated on October 23, 2006, and remains in place until this court issues its mandate. *See Mariscal–Sandoval v. Ashcroft,* 370 F.3d 851, 856 (9th Cir.2004).

**PETITION DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.