Roxanna Giovana **MORALES–JIMENEZ, Petitioner,**

v.

Peter D. **KEISLER,\* Acting Attorney General, Respondent.**

No. 05–71271.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2007 \*\*.

Filed Nov. 9, 2007.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suit-

Stephen Shaiken, Esq., Law Office of Stephen Shaiken, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, John C. Cunningham, Esq., Mark L. Gross, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. Agency No. A79–619–923.

Before: NOONAN, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM ***

Roxanna Giovana Morales–Jimenez ("Morales"), a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

The parties are familiar with the facts. We proceed to the law. An IJ's decision regarding an applicant's eligibility for asylum is reviewed to determine whether it is supported by substantial evidence. *Ali v. Ashcroft,* 394 F.3d 780, 784 (9th Cir.2005). Under that standard, the IJ's decision must be upheld unless the record would compel a reasonable fact finder to reach an opposite conclusion. *Id.*

█ Morales argues the IJ's finding of adverse credibility is not supported by substantial evidence. We disagree. The IJ offered "specific, cogent" reasons for finding that Morales's testimony was vague, contradictory and speculative. *Hartooni v. INS,* 21 F.3d 336, 342 (9th Cir.1994).

█ Even assuming Morales's testimony is credible, viewed cumulatively, the harm she testified to—that she was physi-

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cally abused by her boyfriend during her pregnancy and thereafter was subjected to numerous threats and insults by his wife and his wife's mother—does not compel a finding of past persecution. Nor has she provided "credible, direct, and specific evidence" compelling a finding that her fear of future persecution is objectively well-founded. *Mendez–Gutierrez v. Gonzales,* 444 F.3d 1168, 1171 (9th Cir.2006).

Moreover, even assuming persecution, a rational fact finder would not be compelled to conclude that the persecution was imposed on account of a protected ground. Neither of the grounds asserted by Morales—membership in an identifiable social group and imputed political opinion—has merit. Her asserted social group of women who refused to abort pregnancies when demanded by a police officer with ties to narcotics traffickers who had impregnated her is not recognized under relevant case law. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1170–71 (9th Cir.2005). Further, the record indicates Morales neither had a political opinion nor did her boyfriend and his family (her alleged persecutors) impute one to her.

As Morales cannot meet the lower standard for asylum eligibility, her requests for withholding of removal and relief under CAT necessarily fail. *See Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001); *Nuru v. Gonzales,* 404 F.3d 1207, 1221 (9th Cir.2005).

Petition DENIED.