**Baljinder SINGH, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 05–76158.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2007 *.

Filed Nov. 20, 2007.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, John D. Williams, Esq., Jennifer Levings, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW and IKUTA, Circuit Judges.

### MEMORANDUM **

Baljinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the IJ's determination that the threats made against Singh do not rise to the level of

past persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). Similarly, the threats do not form an adequate basis to support a well-founded fear of future persecution. *See Mendez–Gutierrez v. Gonzales,* 444 F.3d 1168, 1171–72 (9th Cir. 2006). Additionally, Singh's father, who was targeted in connection with the same incident, has remained in the family home in India without incident. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001). Accordingly, we deny Singh's asylum claim.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

Singh failed to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to India. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir. 2005).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.