**Sophia Kaimuri KABURU, Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

**No. 04–74152.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2007.

Filed Nov. 29, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Samuel Patrick Ouya Maina, Esq., Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN and McKEOWN, Circuit Judges, and KORMAN **, Senior Judge.

---

** The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

## MEMORANDUM ***

Sophia Kaimuri Kaburu ("Kaburu"), a Kenyan native and citizen, petitions for review of the Board of Immigration Appeal's ("BIA") order affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of deportation, and relief under the Convention Against Torture.

Where the BIA summarily affirms an IJ's decision, this court reviews the IJ's decision as the final agency action. *Acosta v. Gonzales,* 439 F.3d 550, 552 (9th Cir. 2006). An IJ's determination of legal issues is reviewed de novo. *Kankamalage v. INS,* 335 F.3d 858, 861–62 (9th Cir. 2003). An IJ's factual determinations are reviewed for substantial evidence and should be reversed only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4). The IJ did not make an adverse credibility determination, so this court accepts Kaburu's testimony as credible. *See Prasad v. INS,* 101 F.3d 614, 616 (9th Cir.1996).

The IJ's determination that Kaburu did not suffer past persecution is not supported by substantial evidence. To begin, Kaburu's asylum claim is grounded in a political opinion imputed to her. *See Sangha v. INS,* 103 F.3d 1482, 1488–89 (9th Cir.1997). We are compelled to conclude that Kaburu's persecutors, who were linked to the ruling party in Kenya at the time, imputed to Kaburu—based on her repeatedly expressed conviction that she had a role in halting Kenya's drug trade— a political opinion in support of the hard line against drugs and of honest government.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Kaburu suffered persecution at the hands of forces that the Kenyan government was "unable or unwilling" to control on the basis of this imputed political opinion. *Sangha*, 103 F.3d at 1487. That the two men who confronted Kaburu knowingly threatened and successfully intimidated a government employee, that little was done to protect Kaburu in the performance of her job, and that the government failed to protect its own property from arson compel a conclusion that the Kenyan government was unable or unwilling to control the forces that persecuted Kaburu. This court has found past persecution where "repeated and especially menacing death threats" are "combined with confrontation or other mistreatment." *Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (citations omitted). Kaburu was threatened multiple times, confronted twice, and lost everything she owned in a house fire. Such mistreatment compels the conclusion that Kaburu suffered past persecution.

■ An applicant may also qualify for asylum by demonstrating a well-founded fear of future persecution. *Knezevic v. Ashcroft*, 367 F.3d 1206, 1212 (9th Cir. 2004). We find that Kaburu has met this burden by introducing "credible, direct, and specific evidence" of a one in ten chance she will be persecuted if she returns to Kenya. *Mendez–Gutierrez v. Gonzales*, 444 F.3d 1168, 1171 (9th Cir. 2006); *see INS v. Cardoza–Fonseca*, 480 U.S. 421, 449, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); *Montecino v. INS*, 915 F.2d 518, 520 (9th Cir.1990).

Although Kaburu is eligible for asylum, she is not eligible for withholding of removal or relief under the Convention Against Torture because she has not demonstrated that she will "more likely than not" be persecuted or tortured upon return to Kenya. *See Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001); *see also*

*Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir.2005).

For the reasons stated, the petition is GRANTED.

McKEOWN, Circuit Judge, dissenting:

Although the majority selectively summarizes the facts, under the applicable standard, we are permitted to override the Immigration Judge's factual findings only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4). Here, there is little evidence of a government actor, and no substantial evidence that the government could not or did not control those threatening Kaburu.

A reasonable factfinder could fairly and easily have found the claimed threats and acts were related to Kaburu's performance of her government job, and not because of her political beliefs or on account of another protected ground. *See Chanco v. INS*, 82 F.3d 298, 302–303 (9th Cir.1996) (holding that persecution based on being a current member of the military, national police force, or U.S. Embassy guard does not qualify as persecution on a protected ground). The police responded to Kaburu's reports of threats, and she declined to report the incidents to the courts. The mere fact that the police ultimately made no arrest does not compel a finding that the government abdicated its role. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir.2005) (upholding BIA finding that police were neither unwilling nor unable to control group where they took reports and investigated, but were unable to solve the crimes). Nothing compels the result reached by the majority. Under the deferential review required of us, I would deny the petition.