**Nabil ABDULKADER–FARES, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**No. 04–71927.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed Nov. 30, 2007.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Acting At-

torney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

182

Randall Hamud, Esq., Law Offices of Randall B. Hamud, San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Karl N. Gellert, Esq., Mark L. Gross, Esq., U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: FARRIS and PAEZ, Circuit Judges, and CONLON,** District Judge.

** The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

MEMORANDUM ***

Nabil Abdulkader–Fares, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for withholding of removal and relief under the Convention Against Torture. Abdulkader–Fares acknowledged at oral argument that he does not seek review of the IJ's finding that no changed or extraordinary circumstances excuse the untimely filing of his asylum application.

To qualify for withholding of removal, Abdulkader–Fares must show that if removed to Lebanon, it is more likely than not that his life or freedom would be threatened on account of a statutorily-protected ground. *Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001). Past persecution generates a presumption of eligibility for withholding of removal. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1079 (9th Cir. 2004).

The record reflects that Abdulkader–Fares was mistreated by Syrian soldiers at checkpoints in Lebanon seven or eight times from the late 1970's through 2000. On one occasion, a soldier hit Abdulkader–Fares in the chest with a rifle butt. Substantial evidence supports the IJ's determination that this mistreatment, while inexcusable, does not rise to the level of persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995). Substantial evidence also supports the IJ's conclusion that Abdulkader–Fares' fear of future prosecution in Lebanon is not objectively reasonable. *See Mendez–Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006) (vague and conclusory allegations that petitioner feared for his life are insuf-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ficient to establish well-founded fear of persecution).

Abdulkader–Fares fails to carry his burden to show eligibility for relief under the Convention Against Torture. He makes no allegations of past torture and the 2001 State Department Country Report for Lebanon did not indicate that Syrian forces in Lebanon torture Lebanese citizens. Substantial evidence supports the IJ's denial of relief under the Convention Against Torture.

**PETITION FOR REVIEW DENIED.**

\*\* This disposition is not appropriate for publi-