**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BLUSGUIN OTONIEL ALVARENGA-MELGAR, | No. 09-73687 |
| Petitioner, | Agency No. A088-423-377 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Blusguin Otoniel Alvarenga-Melgar, a native and citizen of Honduras,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his motion to

reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen and de novo constitutional claims. *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004). We deny the petition for review.

The agency did not abuse its discretion in denying the motion to reopen on the ground that Alvarenga-Melgar failed to demonstrate prima facie eligibility for asylum where he failed to identify a source of persecution or demonstrate a well-founded fear. *See Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1171 (9th Cir. 2006) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought); *see also Khourassany v. INS*, 208 F.3d 1096, 1101 (9th Cir. 2000) (holding similarly situated, unharmed family members undermine future fear when an alien claims fear based on family group). It follows that Alvarenga-Melgar has not established a violation of due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a due process violation).

**PETITION FOR REVIEW DENIED**.