
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAHYA ABDU HIZAM RWAID, | No. 07-73889 |
| Petitioner, | Agency No.  A71-803-545 |
| v. | |
| ERIC H. HOLDER, JR.,[*] Attorney General, | MEMORANDUM[**] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 18, 2011[***]
San Francisco, California

Before:     TASHIMA and RAWLINSON, Circuit Judges, and RAKOFF, Senior

---

[*]     Eric H. Holder, Jr., is substituted for his predecessor, Michael B. Mukasey, as Attorney General, pursuant to Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

[***]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. . 34(a)(2)(C).

District Judge.****

Yahya Abdu Hizam Rwaid ("Petitioner"), a native and citizen of Yemen, seeks review of the final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") decision to deny Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction to review the BIA's final order under 8 U.S.C. § 1252, Immigration and Nationality Act ("INA") § 242. We conclude that the evidence in the record does not compel the conclusion that the determination of the BIA was incorrect. *See Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006). We therefore deny the petition for review.

**1.** To establish eligibility for asylum, Petitioner must demonstrate either past persecution or a well-founded fear of future persecution in Yemen. *Id.* at 1019. The evidence does not compel the conclusion that Petitioner's past experiences in Yemen rose to the level of persecution. Persecution is an "extreme concept," *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995), and is defined as "the infliction of suffering or harm . . . in a way regarded as offensive." *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (internal quotation marks omitted).

---

**** The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

As the BIA pointed out, Petitioner and his family were never physically harmed or threatened while Petitioner was residing in Yemen. The only interaction Petitioner had with the Socialist Party while he lived in Yemen was the single recruitment effort in 1982. Petitioner was neither harmed nor threatened during this recruiting attempt. While this Court has found that physical violence, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 n.5 (9th Cir. 2003), and threats of serious harm or death may constitute persecution, *Khup v. Ashcroft*, 376 F.3d 898, 903 (9th Cir. 2004), the record does not show that Petitioner was threatened with either.

2.	Petitioner argues that he has a well-founded fear of future persecution because of the alleged killing of his father, the alleged kidnaping of his children, and his general belief that he will be targeted for revenge because of his father's role as a government informant. The BIA did not err in giving little weight to Petitioner's testimony regarding the alleged attacks on his family members because it was based largely on speculation. *See Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1171-72 (9th Cir. 2006). There is no evidence in the record supporting Petitioner's belief that his father was kidnaped and killed by the Socialist Party or that there was a connection between his father's work as a government informant in 1982 and his death in 1997. Petitioner also fails to articulate a reasonable basis for his belief that his two missing children were kidnaped by the Socialists because

of his father's work for the government. *See, e.g.*, *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) (concluding that the absence of some evidence connecting the harassment of petitioners to a protected ground means that the harassment cannot support an asylum claim).

A well-founded fear of persecution "must be both subjectively genuine and objectively reasonable." *Mendez-Gutierrez*, 444 F.3d at 1171. While Petitioner's fear appears to be subjectively genuine, he fails to provide "credible, direct, and specific evidence in the record" that his fear is objectively reasonable. *Id.* (quoting *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000)).

**3.** A petitioner who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Because Petitioner's application for withholding of removal is based on the same facts as his application for asylum, the BIA correctly held that Petitioner did not meet the stricter standard for withholding of removal.

**4.** Substantial evidence supports the BIA's finding that Petitioner failed to establish eligibility for protection under CAT because he failed to demonstrate that he is more likely than not to be tortured if he returns to Yemen. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

The petition for review is **DENIED**.