**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

APR 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIMHENG TUON, AKA Kimcheng Tuon,<br><br>        Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 08-74857<br><br>Agency No. A098-456-573<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2013[**]
Pasadena, California

Before: TALLMAN and M. SMITH, Circuit Judges, and ROSENTHAL, District Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

Kimheng Tuon, a native and citizen of Cambodia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.[1] We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition for review.

Tuon does not contend that she suffered past persecution, and substantial evidence supports the BIA's determination that she failed to establish a well-founded fear of future persecution. Tuon credibly testified that she subjectively feared she would be persecuted for her parents' political opinions or to exert pressure on her parents. *See Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2006). However, she failed to provide any supporting evidence of a well-founded, objectively reasonable fear of future persecution because the record indicated that

---

[1] 8 U.S.C. § 1252(2)(D) allows for review of "questions of law," which has been interpreted to include "mixed questions of law and fact." *Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007) (per curiam). Because the IJ made no express adverse credibility determination, "any view of the historical facts" to which the petitioner testified "necessarily establishes" that, as she swore under oath, she "filed the application within one year of arrival." *Lin v. Holder*, 610 F.3d 1093, 1096 (9th Cir. 2010) (citing *Khunaverdiants v. Mukasey*, 548 F.3d 760, 765 (9th Cir. 2008)).

she lacked knowledge of Cambodian politics or her parents' political activities. *See id.* Mere speculation and feelings of fear are not enough to satisfy this requirement. *See Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006) ("Vague and conclusory allegations of fear for [her] life . . . are clearly insufficient to support a finding of a well-founded fear of future persecution."). The BIA properly ruled that she failed to meet her burden of proof to show entitlement to asylum.

Because Tuon failed to meet the lower burden of proof for asylum, it follows that she has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190. Substantial evidence also supports the BIA's denial of CAT relief because Tuon failed to establish that, if returned to Cambodia, it would be more likely than not she would be tortured by or with the acquiescence of a public official or a person acting in an official capacity. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION DENIED**.