FILED

OCT 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVIN AMARILDO NAVARRO GUZMAN; DILBIA ARCELY DE NAVARRO PEREZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-73669 <br><br> Agency Nos. A074-824-521 <br> A074-824-520 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

   Ivin Amarildo Navarro Guzman and Dilbia Arcely De Navarro Perez,

natives and citizens of Guatemala, petition for review of the Board of Immigration

Appeals' ("BIA") order denying their motion to reopen deportation proceedings.

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely where the motion was filed more than eleven years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and the BIA considered the record and acted within its broad discretion in determining that the evidence was insufficient to establish prima facie eligibility for relief from deportation. *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought); *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006) ("vague and conclusory allegations" insufficient to establish prima facie eligibility).

**PETITION FOR REVIEW DENIED.**