**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EBER ISAAC PORRAS, | No. 12-71379 |
| Petitioner, | |
| v. | Agency No. A070-967-311 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013**

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Eber Isaac Porras, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion to reopen deportation

proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the agency's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Porras's motion to reopen as untimely where the motion was filed thirteen years after IJ's final order of deportation, *see* 8 C.F.R. § 1003.23(b)(1), and Porras failed to establish prima facie eligibility for asylum, withholding of removal, or relief under the Convention Against Torture, *see Najmabadi*, 597 F.3d at 986 (agency may deny a motion to reopen based on failure to establish a prima facie case for the relief sought); *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006) ("vague and conclusory allegations" insufficient to establish prima facie eligibility). Because Porras's motion did not allege facts that would establish eligibility for relief, he was not entitled to an evidentiary hearing. *See* 8 U.S.C. § 1229a(c)(7)(B).

Finally, we lack jurisdiction to review the agency's decision not to exercise its sua sponte authority to reopen deportation proceedings. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**