NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIO GONZALEZ-BELTRAN, | No.   18-73119 |
| Petitioner, | Agency No. A027-409-609 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2021**
San Francisco, California

Before:  McKEOWN, IKUTA, and BRESS, Circuit Judges.

Mario Gonzalez-Beltran[1] seeks review of the Board of Immigration

Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial

of withholding of removal and relief under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Petitioner states that his true name is Hugo Hernan Zelaya.  We join the parties in referring to him by the name listed on the docket.

("CAT"). We review denials of withholding and CAT relief for substantial evidence, and we "must uphold the agency determination[s] unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Gonzalez-Beltran fled El Salvador at fifteen years old, in 1981. In 1988 or 1989, he witnessed a murder of a Mara Salvatrucha ("MS-13") gang leader in Southern California. When he refused to reveal the shooter's identity, MS-13 members beat him with baseball bats. In 1990, an MS-13 member in Los Angeles shot him. Because he believes that he is still recognizable, that MS-13 "would never forget somebody," and that an MS-13 member who knows him was deported to El Salvador, Gonzalez-Beltran fears persecution and torture in El Salvador.

Substantial evidence supports the BIA's conclusion that Gonzalez-Beltran has not shown a probability of persecution or a likelihood of torture. Gonzalez-Beltran has had no incidents with MS-13 for over twenty years, and his assertion that MS-13 would look for him in El Salvador, but not in San Diego, near where the original incidents occurred, is speculative. *See Lim v. INS*, 224 F.3d 929, 938 (9th Cir. 2000) (concluding that despite death threats and murders of the petitioner's colleagues, the court could not conclude that "persecution *will* happen, in the sense of being more likely than not," given mitigating factors such as the

2

petitioner having lived for six years in the country in which he feared harm); *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006) (concluding that "vague and conclusory allegations of fear for his life" did not support a finding of a well-founded fear of persecution, which is a less stringent standard than that for withholding of removal).

Because we uphold the BIA's determinations of Gonzalez-Beltran's claims for withholding of removal and CAT relief, we need not decide whether the BIA erred in concluding that Gonzalez-Beltran has been convicted of a particularly serious crime.

**PETITION DENIED**.