NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIIL PETROV, | No. 20-73020 |
| Petitioner, | Agency No. A206-670-537 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2021**
Pasadena, California

Before: BERZON and RAWLINSON, Circuit Judges, and DORSEY,*** District
Judge.

Daniil Petrov petitions this court for review of the Board of Immigration

Appeals ("BIA")'s decision denying his asylum claim. Petrov also raises a due

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

process claim, alleging the Immigration Judge ("IJ") deprived him of his constitutional rights under the Fifth Amendment's Due Process Clause by failing to question him in an impartial way and refusing to allow his father to testify. We deny Petrov's petition.

**1.** An applicant for asylum bears the burden of establishing his eligibility for relief. 8 C.F.R. § 208.13; *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). We must affirm the BIA's decision unless the applicant "shows that the evidence *compels* the conclusion that the asylum decision was incorrect." *See Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018) (quoting *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006)) (internal quotation marks omitted). The evidence "must demonstrate that [the applicant] has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citing 8 U.S.C. § 1101(a)(42)).

Petrov alleged that he suffered past persecution based on his membership in a particular social group and his political opinion. He testified to one incident of past persecution: two unknown armed persons in military uniforms grabbed him at a political protest in the main square of Gorlovka and forced him onto a bus, but after "one minute or two, maybe less than a minute," Petrov "got out of the bus really quickly and . . . ran."

"Persecution . . .is an extreme concept that does not include every sort of treatment our society regards as offensive." *Nagoulko v. I.N.S.*, 333 F.3d 1012, 1016 (9th Cir. 2003) (quoting *Korablina v. I.N.S.*, 158 F.3d 1038, 1044 (9th Cir. 1998). Petrov's detention was momentary; he was not threatened; he was not physically harmed. The circumstances fall well short of those we have held constitute persecution. *Compare, e.g.*, *Bondarenko v. Holder*, 733 F.3d 899, 908–09 (9th Cir. 2013) (finding persecution where petitioner was detained three times and severely beaten, forcing hospitalization for blunt-force trauma to his head), *with Sharma v. Garland*, 9 F.4th 1052, 1063 (9th Cir. 2021) (finding no persecution where petitioner was arrested and detained once and suffered no injuries), *and Gu*, 454 F.3d at 1020 (finding no persecution where petitioner was detained and interrogated for two hours and required no medical treatment); *see also Khourassany v. I.N.S.*, 208 F.3d 1096, 1100–01 (9th Cir. 2000). The BIA's determination that this incident did not rise to the level of persecution is supported by substantial evidence.

Petrov also failed to show a well-founded fear of future persecution on account of a protected ground. He alleges fear based on his status as a "Russian speaker in Ukraine." But as the BIA observed, Petrov submitted no evidence "establish[ing] (or even mention[ing]) that Russian speakers are persecuted in Ukraine." Petrov additionally alleges fear based on membership in his family

because his father refused to participate in a corruption scheme, and because Petrov fears his father's political beliefs will be imputed to him. Petrov also testified that one of his brothers was twice falsely imprisoned so that the police could solicit bribes from their father for his release, but that brother has not been disturbed since, and another brother was never arrested or harmed. Assuming his family constituted a particular social group, Petrov's "vague and conclusory allegations" as to why he fears persecution based on his connection to his family are insufficient. *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006).

**2.** Petrov was not denied due process during his removal proceedings. The IJ's questioning and interruptions were consistent with the IJ's duty to develop and clarify the record, particularly as to providing an opportunity to explain apparent contradictions, and Petrov had sufficient opportunity to testify and present his case. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006). As to the exclusion of Petrov's father's testimony, even if that exclusion was an abuse of the IJ's discretion, Petrov has not explained what his father's testimony would have been or how it could have strengthened Petrov's asylum claim, and so has not demonstrated prejudice. "[W]e will not simply presume prejudice." *Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000).

The Petition is **DENIED**.