NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HE JING HUI,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1434

Agency No.
A209-157-212

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2023[**]
Pasadena, California

Before: WARDLAW and BUMATAY, Circuit Judges, and BENCIVENGO, District Judge.[***]

He Jinghui ("He"), a native and citizen of China, petitions for review of a

decision from the Board of Immigration Appeals ("BIA") affirming the immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

judge's ("IJ") denial of his request for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Substantial evidence supports the agency's adverse credibility determination. The agency pointed to "specific instances in the record" to find that He's testimony lacked credibility. *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010). He's testimony contained numerous discrepancies, including a falsified 2015 visa application, undisclosed siblings in the United States seeking asylum, his failure to provide a residential address in Hawaii, and unfamiliarity with his sponsor. *See Dhital v. Mukasey*, 532 F.3d 1044, 1050—51 (9th Cir. 2008) (per curiam) (holding that a petitioner with a "propensity for dishonesty" can support an adverse credibility determination); *see also Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021) (holding that credibility issues "no longer need to go to the heart of a petitioner's claim").

2. The IJ properly concluded that the corroborating evidence He submitted, a letter from his mother and his medical records from China, failed to rehabilitate his testimony due to omissions and inconsistencies. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (holding that the IJ may evaluate both the evidence submitted and the totality of the circumstances to make an adverse credibility determination).

3. The agency did not err in determining He failed to establish a well-founded fear of prosecution. There was no evidence of an objective fear of religious

persecution because it was unclear whether He practiced Christianity. He could neither describe where his church in Hawaii was located nor sufficiently identify the pastor who submitted a letter on his behalf. He also failed to offer evidence that the police would target him upon his return to China. *See Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1171 (9th Cir. 2006) (requiring an applicant to show "credible, direct, and specific evidence" in support of his reasonable fear of persecution).

**PETITION DENIED.**