**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDGAR BOANERGE MARTINEZ-
APARICIO; EDGAR ALEXANDER
MARTINEZ-LEMUS; SONIA
YAMILETH LEMUS-DE
MARTINEZ; ERLY SAMUEL
MARTINEZ-LEMUS,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3712

Agency Nos.
A201-748-586
A201-748-587
A201-750-204
A201-750-205

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2025[**]
Pasadena, California

Before: PAEZ, IKUTA, and R. NELSON, Circuit Judges.

Edgar Boanerge Martinez-Aparicio, a native and citizen of El Salvador,

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petitions for review of an order by the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge ("IJ") decision denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). His wife and children are included as beneficiaries of his asylum application. Martinez-Aparicio challenges the agency's denials of asylum and withholding of removal.[1] He also argues that remand is required to correct defects in the notice to appear (NTA) that he received. Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

We review factual findings for substantial evidence and legal issues de novo. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. An applicant for asylum or withholding of removal must show that persecution was or will be committed by the government or by forces that the government was unable or unwilling to control. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc). Substantial evidence supports the BIA's determination that Martinez-Aparicio did not meet this burden. As Martinez-Aparicio testified, his claims arise from an incident in 2019, when

---

[1] We agree with the government that any CAT claims were not exhausted before the BIA. Therefore, we need not address the issue.

members of a gang robbed and beat him while he was working. The agency found that Martinez-Aparicio had failed to establish governmental unwillingness or inability to protect him because he did not report the attack to the police and because country conditions evidence showed that the Salvadoran government prosecuted criminal gang activity. We have "long held that a victim of abuse need not report it to government authorities to establish the government's inability or unwillingness to protect him." *Bringas-Rodriguez*, 850 F.3d at 1064; *see also Korablina v. INS*, 158 F.3d 1038, 1045 (9th Cir. 1998). However, "[w]hether a victim has reported or attempted to report violence or abuse to the authorities is a factor that may be considered." *Bringas-Rodriguez*, 850 F.3d at 1069. And while Martinez-Aparicio submitted general country conditions evidence describing limitations on the Salvadoran governments' ability to control the gangs, this evidence does not show collusion between the police and the gangs or retaliation against those who report gang crimes.

A noncitizen who has not established past persecution may still be eligible for asylum if he has a subjective fear of future persecution and proves by "credible, direct, and specific evidence" that this fear is reasonable. *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1171 (9th Cir. 2006). Martinez-Aparicio asserts a fear of future harm stemming from the 2019 gang attack. He does not claim to fear harm from another source. Because persecution requires government unwillingness or

inability to control the perpetrators, *see Navas v. I.N.S.*, 217 F.3d 646, 655–56 (9th Cir. 2000), and Martinez-Aparicio has not made the requisite showing, substantial evidence supports the agency's determination that Martinez-Aparicio did not establish a well-founded fear of future persecution.

2. Because Martinez-Aparicio has not established past persecution or a well-founded fear of future persecution "inflicted either by the government or by persons or organizations which the government is unable or unwilling to control," he cannot establish eligibility for withholding of removal. *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1056 (9th Cir. 2006).[2]

3. Martinez-Aparicio's challenge to the defective notice to appear is barred because he did not exhaust the issue before the agency. *See* 8 U.S.C. § 1252(d)(1). Defects in the NTA constitute claims-processing rule violations which must be exhausted before the agency unless the exhaustion requirement is waived or forfeited. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc); *see also Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Although Martinez-Aparicio did not challenge the NTA as defective before the agency, he argues he could not have done so because his claims arise under

---

[2] The agency's determination that the government was not unwilling or unable to control past or future persecution is dispositive of Martinez-Aparicio's claims for asylum and withholding of removal. Therefore, we need not address Martinez-Aparicio's argument that the agency erred in determining that his proposed particular social groups were not cognizable.

*Matter of Aguilar Hernandez*, 28 I. & N. Dec. 774 (BIA 2024), which was not decided until January 2024. However, *Aguilar Hernandez* did not establish the legal basis for Martinez-Aparicio's argument about the defective NTA. The legal basis for his argument was established in *Niz-Chavez v. Garland*, 593 U.S. 155, 172 (2021).

**PETITION DENIED**.