**Reloisa Benitez REYNA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72589.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 25, 2008.

Jeremiah Johnson, San Francisco, CA, for Petitioner.

Mark L. Gross, Marie K. McElderry, Office of the District Counsel, Department of Homeland Security, Civil Rights Division/Appellate Section, Linda S. Wendtland, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, U.S. Department of Justice, San Francisco, CA, for Respondent.

Before: CANBY, T.G. NELSON and BEA, Circuit Judges.

MEMORANDUM **

Reloisa Benitez Reyna, a native and citizen of Philippines, petitions for review of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). Reyna also petitions for review of the BIA's decision denying her motion to remand proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's denial of asylum and withholding of removal, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000) and we review de novo questions of law, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny in part, and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Reyna's experiences in the Phillippines did not amount to past persecution. *See Lim v. INS*, 224 F.3d 929, 936–37 (9th Cir.2000). Furthermore, the evidence does not compel the conclusion that Reyna's fear of future persecution is objectively reasonable. *See Mendez–Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir.2006).

Because Reyna failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Reyna's contention that the BIA should be estopped from denying her request to remand proceedings to the IJ fails because she has not shown that the agency's delay in commencing proceedings amounts to affirmative misconduct. *See INS v. Miranda*, 459 U.S. 14, 18–19, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982).

Reyna's due process contention fails because she did not show that the delayed commencement of removal proceedings prejudiced the outcome of her asylum claim. *See Colmenar*, 210 F.3d at 971–972.

We dismiss Reyna's contention regarding the agency's decision when to commence proceedings because the court lacks jurisdiction. *See Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 598 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**