**JIN–HAO LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74370.

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2008.*

Withdrawn from Submission April 18, 2008.

Resubmitted May 7, 2008.

Filed Dec. 12, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Gary J. Yerman, Esquire, Law Office of Gary J. Yerman, New York, NY, for Petitioner.

CAC–District, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Donald A. Couvillon, Esquire, John R. Cunningham, Esquire, Oil, Don George Scroggin, Esquire, Trial, Linda S. Wendtland, Esquire, DOJ – U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department Of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, PREGERSON, and D.W. NELSON, Circuit Judges.

## MEMORANDUM **

Jin–Hao Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen. Lin argues, *inter alia*, that 8 U.S.C. § 1158(a)(2)(D), permitting successive asylum applications in the face of changed personal circumstances, serves as an independent exception to the time limitations on motions to reopen. Petitioner's argument is foreclosed by this court's recent decision in *Chen v. Mukasey*, 524 F.3d 1028 (9th Cir.2008), and his petition is denied.

Lin's exclusion proceedings were held *in absentia* in 1992. Thirteen years later, after Lin moved to New York, lost contact with his attorney, and fathered two children, he sought to file a successive asylum application, citing his fear of persecution for violating China's family planning laws.

Lin failed to meet the procedural requirements for filing a proper motion to reopen. In general, a motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The motion to reopen at issue here was filed around thirteen years after entry of Lin's deportation order. Nor would the time limit governing motions to reopen be equitably tolled, as

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Lin was not a victim of deception, fraud, or error. *See Singh v. Gonzales,* 491 F.3d 1090, 1095–96 (9th Cir.2007).

■ Furthermore, the BIA correctly concluded that Lin failed to establish prima facie eligibility for relief to warrant reopening for asylum or withholding of exclusion, because he did not show a "realistic chance" of establishing his eligibility. *See Mendez–Gutierrez v. Gonzales,* 444 F.3d 1168, 1171 (9th Cir.2006). Petitioner claimed he would face persecution in the form of sterilization if returned to his native country because, while living in the United States, he violated China's one-child policy. However, the BIA did not abuse its discretion when it reviewed the Chinese Population and Family Planning Law ("PFPL"), considered its own precedents, analyzed recent State Department reports, and found no specific evidence that returnees have been subjected to forced surgeries or physical coercion. Subsequent Board opinions have reinforced the Board's findings. *See generally In re J–W–S–,* 24 I. & N. Dec. 185 (BIA 2007) (persuasive State Department reports concluded that a returning Chinese with over-limit foreign born children would, at most, face a fine or economic sanctions); *In re J–HS–,* 24 I. & N. Dec. 196, 200 (BIA 2007) (enforcement of the one-child policy varies so widely that not even births in China necessarily violate population control law); *In re S–Y–G–,* 24 I. & N. Dec. 247, 255 (BIA 2007) (foreign born children are not, in general, counted for family planning purposes).

■ The burden of proof for withholding of exclusion is higher than that required for asylum; the applicant must demonstrate that it is "more likely than not" that he will be persecuted. *Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001). As Lin cannot demonstrate a prima facie case that he is eligible for asylum, he also cannot establish a prima facie case that he is eligible for withholding of exclusion.

■ Petitioners claim for relief under the Convention Against Torture ("CAT") lacks merit. Even if sterilization were deemed a form of torture, the record contained no specific evidence that returnees have been subject to forced surgeries, let alone evidence that Lin himself would more likely than not be sterilized. *See* 8 C.F.R. § 208.16(c)(2).

**PETITION DENIED.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This is but one of a multitude of similar sad cases by which our government's deportation of undocumented parents results in the deportation of their American-born citizen children, and effectively denies those children their birthrights. *See Cerrillo–Perez v. INS,* 809 F.2d 1419, 1426–27 (9th Cir.1987) (Requiring the government to conduct individualized analyses of hardships to U.S. citizen children). Our government's conduct forces U.S. citizen children to accept de facto expulsion from their native land or give up their constitutionally protected right to remain with their parents. *See, e.g., Moore v. City of E. Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

I hope and pray that soon the good men and women in our Congress will amelio-

rate the plight of families like Lin's and give us humane laws that will not cause the disintegration of families.