MEMORANDUM **
Jin-Hao Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ (“BIA”) denial of his motion to reopen. Lin argues, inter alia, that 8 U.S.C. § 1158(a)(2)(D), permitting successive asylum applications in the face of changed personal circumstances, serves as an independent exception to the time limitations on motions to reopen. Petitioner’s argument is foreclosed by this court’s recent decision in Chen v. Mukasey, 524 F.3d 1028 (9th Cir.2008), and his petition is denied.
Lin’s exclusion proceedings were held in absentia in 1992. Thirteen years later, after Lin moved to New York, lost contact with his attorney, and fathered two children, he sought to file a successive asylum application, citing his fear of persecution for violating China’s family planning laws.
Lin failed to meet the procedural requirements for filing a proper motion to reopen. In general, a motion to reopen must be filed “within 90 days of the date of entry of a final administrative order of removal.” 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The motion to reopen at issue here was filed around thirteen years after entry of Lin’s deportation order. Nor would the time limit governing motions to reopen be equitably tolled, as *452 Lin was not a victim of deception, fraud, or error. See Singh v. Gonzales, 491 F.3d 1090,1095-96 (9th Cir.2007).
Furthermore, the BIA correctly concluded that Lin failed to establish prima facie eligibility for relief to warrant reopening for asylum or withholding of exclusion, because he did not show a “realistic chance” of establishing his eligibility. See Mendez-Gutierrez v. Gonzales, 444 F.3d 1168, 1171 (9th Cir.2006). Petitioner claimed he would face persecution in the form of sterilization if returned to his native country because, while living in the United States, he violated China’s one-child policy. However, the BIA did not abuse its discretion when it reviewed the Chinese Population and Family Planning Law (“PFPL”), considered its own precedents, analyzed recent State Department reports, and found no specific evidence that returnees have been subjected to forced surgeries or physical coercion. Subsequent Board opinions have reinforced the Board’s findings. See generally In re J-W-S-, 24 I. & N. Dec. 185 (BIA 2007) (persuasive State Department reports concluded that a returning Chinese with over-limit foreign born children would, at most, face a fine or economic sanctions); In re J-W-S-, 24 I. & N. Dec. 196, 200 (BIA 2007) (enforcement of the one-child policy varies so widely that not even births in China necessarily violate population control law); In re S-Y-G-, 24 I. & N. Dec. 247, 255 (BIA 2007) (foreign born children are not, in general, counted for family planning purposes).
The burden of proof for withholding of exclusion is higher than that required for asylum; the applicant must demonstrate that it is “more likely than not” that he will be persecuted. Al-Harbi v. INS, 242 F.3d 882, 888 (9th Cir.2001). As Lin cannot demonstrate a prima facie case that he is eligible for asylum, he also cannot establish a prima facie case that he is eligible for withholding of exclusion.
Petitioners claim for relief under the Convention Against Torture (“CAT”) lacks merit. Even if sterilization were deemed a form of torture, the record contained no specific evidence that returnees have been subject to forced surgeries, let alone evidence that Lin himself would more likely than not be sterilized. See 8 C.F.R. § 208.16(c)(2).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.