**J. Dimas ALVAREZ–ORTEGA;
Enereida Alvarez,
Petitioners,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 05–73191.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 26, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Walter Rafael Pineda, Esq., Law Offices of Walter Rafael Pineda, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., Douglas E. Ginsburg, Esq., Ethan B. Kanter, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

### MEMORANDUM **

J. Dimas Alvarez–Ortega and his wife, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), we

** This disposition is not appropriate for publication and is not precedent except as provid-

deny in part and dismiss in part the petition for review.

Alvarez–Ortega does not contest the agency's conclusion that his asylum application was time-barred.

▇ Substantial evidence supports the agency's finding that Alvarez–Ortega has not demonstrated a clear probability of future persecution, where the record contains insufficient evidence that anyone is targeting him for persecution. *See Mendez–Gutierrez v. Gonzales,* 444 F.3d 1168, 1172 (9th Cir.2006). The lack of detailed or specific evidence surrounding the widely-spaced deaths of his family members do not "create a pattern of persecution closely tied to the petitioner." *See Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991).

▇ We lack jurisdiction to address petitioners' family as a particular social group contention because it was not exhausted before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**