**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAMDIN PUREVSUREN BORJGIN, a.k.a. Chimmesddorj Tsendsuren, Petitioner, v. ERIC H. HOLDER Jr., Attorney General, Respondent. | No. 09-71179 Agency No. A095-740-394 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Damdin Purevsuren Borjgin, a native and citizen of Mongolia, petitions pro

se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000), and we deny the petition for review.

Substantial evidence supports the agency's determination that Borjgin did demonstrate past persecution because the 2007 threats relating to his refusal to participate in the money laundering scheme did not rise to the level of persecution. *See id*. at 936. We reject Borjgin's contention that the IJ disregarded evidence of past persecution because Borjgin testified that he did not have any problems before he left Mongolia in 1999 and he has not overcome the presumption that the IJ did review the relevant evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000). Substantial evidence also supports the agency's conclusion that Borjgin did not demonstrate a well-founded fear of future persecution. *See Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1171-72 (9th Cir. 2006); *see also Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002) (when a petitioner has not established past persecution, the agency may "rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution.").

09-71179

Because Borjgin failed to meet the lower burden of proof for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Borjgin failed to establish it is more likely than not he will be tortured if returned to Mongolia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**