**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROMESH KUMAR,

               Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

Nos. 07-72628
     07-74951

Agency No. A075-545-598

MEMORANDUM[*]

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

     Romesh Kumar, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") orders denying his appeal from an

immigration judge's ("IJ") removal order and denying his motion to reopen. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and due process claims, and for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss the petition in No. 07-72628, and deny the petition in No. 07-74951.

In No. 07-72628, Kumar has waived any challenge to the agency's conclusion that he is removable for overstaying his visa or that he failed to demonstrate eligibility for relief from removal. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

We lack jurisdiction over the denial of Kumar's ex-wife's Form I-130 visa petition. *See* 8 U.S.C. § 1252(a)(1) (granting jurisdiction to review final removal orders). Kumar's related due process claims fail because the IJ did not find Kumar removable based on the marriage fraud charge. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring prejudice for a petitioner to prevail on a due process claim).

In No. 07-74951, the BIA did not abuse its discretion in denying Kumar's motion to reopen on the ground that he failed to demonstrate prima facie eligibility for adjustment of status. *See Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1171 (9th Cir. 2006) (petitioner demonstrates prima facie eligibility for relief where the evidence reveals a reasonable likelihood that the statutory requirements for relief

have been satisfied). Kumar's contention that the BIA contradicted its holding in

*Matter of Velarde-Pacheco*, 23 I. & N. Dec. 253 (BIA 2002) is unavailing.

      **In No. 07-72628: DENIED in part; DISMISSED in part.**
      **In No. 07-74951: DENIED.**