**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JUL 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHIDONG ZHU, | No. 08-71535 |
| Petitioner, | Agency No. A096-345-836 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Zhidong Zhu, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order summarily dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion to reopen removal

proceedings conducted in absentia. Our jurisdiction is governed by

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  Reviewing for abuse of discretion, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008), we deny in part and dismiss in part the petition for review.

The IJ did not abuse his discretion in denying Zhu's motion to reopen because written notice of the hearing was mailed to Zhu and to his counsel of record, and the motion was untimely filed three years after the issuance of the April 13, 2004, in absentia order.  *See* 8 C.F.R. § 1003.23(b)(4)(ii).

The IJ also did not abuse his discretion in determining the evidence of religious persecution was insufficient to establish a showing of changed country conditions in China, *see* 8 C.F.R. § 1003.23(b)(4)(i), and that evidence of smugglers' threats was insufficient to establish prima facie eligibility for asylum, withholding of removal, and relief under the Convention Against Torture, *see Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1171 (9th Cir. 2006) (prima facie eligibility is established "where the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied").

We lack jurisdiction to consider Zhu's contention that the IJ incorrectly determined that Zhu was removable as charged because Zhu failed to exhaust this contention before the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (generally requiring exhaustion of claims before the BIA).

08-71535

We lack jurisdiction to review Zhu's contention that the IJ should have invoked his sua sponte authority to reopen his proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**