NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER GONZALES-GONZALES, a.k.a Francisco Javier Palomino Aguero,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-71122<br><br>Agency No. A098-916-985<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Javier Gonzales-Gonzales, a native and citizen of Peru, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings and review de novo its legal conclusions.  *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008).  We deny the petition for review.

Substantial evidence supports the agency's finding that the threats Gonzales-Gonzales and his mother received do not rise to the level of persecution.  *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (citation and internal quotations omitted) ("Threats standing alone. . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.").  Substantial evidence also supports the agency's conclusion that Gonzales-Gonzales failed to establish a well-founded fear of persecution based on these threats.  *See Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006) (applicant's vague and conclusory allegations of fear for his life upon return to Mexico insufficient to support a finding of a well-founded fear of future persecution).  Accordingly, Gonzales-Gonzales' asylum claim fails.

Because Gonzales-Gonzales failed to establish eligibility for asylum, he necessarily fails to meet the higher standard of eligibility for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because Gonzales-Gonzales failed to establish it is more likely than not he will be tortured by or with the acquiescence of a government official if returned to Peru. *See Santos-Lemus,* 542 F.3d at 747-48.

Finally, we reject Gonzales-Gonzales' contentions that the BIA violated his due process rights by both failing to properly evaluate his arguments on appeal from the IJ, *see Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim), and by assigning his case to a one-member panel, *see Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850-51 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**