**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BADEREDDINE MOHAMAD ZIBARA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74015 <br><br> Agency No. A099-729-041 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2013[**]
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and KOBAYASHI, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

Badereddine Mohamad Zibara petitions for review of an order by the Board of Immigration Appeals ("BIA") dismissing his appeal from the immigration judge's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the BIA's finding that Zibara failed to establish past persecution on the basis of his short detentions during which he experienced no physical harm. "Although a reasonable factfinder *could* have found [these incidents] sufficient to establish past persecution, we do not believe that a factfinder would be compelled to do so." *Prasad v. I.N.S.*, 47 F.3d 336, 340 (9th Cir. 1995); *see Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006) (single detention and beating that did not require medical treatment did not compel past persecution finding); *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)).

As Zibara has not established past persecution, he is not entitled to a presumption of future persecution. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002). In addition, substantial evidence supports the BIA's determination that Zibara did not establish a well-founded fear of future persecution. *See Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006). Accordingly, Zibara's asylum claim fails.

Because Zibara failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence also supports the BIA's denial of CAT relief because Zibara failed to establish that it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if he is returned to Lebanon. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**