**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LILIK AJU LINDAWATI; FOFU TJOENG, | No. 12-71490 |
| Petitioners, | Agency Nos. A075-758-507 A075-758-508 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Lilik Aju Lindawati and Fofu Tjoeng, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their second motion to reopen removal proceedings.  We have jurisdiction under 8

U.S.C. § 1252.  We review for abuse of discretion the BIA's denial of a motion to

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' untimely and number-barred motion to reopen because it considered the record and acted within its broad discretion in determining that the evidence was insufficient to establish prima facie eligibility for the relief sought. *See id.* (agency may deny a motion to reopen based on failure to establish a prima facie case for the relief sought); *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006) ("vague and conclusory allegations" are insufficient to establish prima facie eligibility). We reject petitioners' contention that the BIA employed the wrong standard in reviewing their motion to reopen.

**PETITION FOR REVIEW DENIED.**