**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DZMITRY SERGEYEVICH DAUKSH, | No. 12-70726 |
| Petitioner, | Agency No. A089-684-239 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2015[**]
Seattle Washington

Before: HAWKINS, RAWLINSON, and CALLAHAN, Circuit Judges.

Petitioner Dzmitry Sergeyevich Dauksh ("Dauksh"), a citizen of Belarus,

petitions for review of the Board of Immigration of Appeals' ("BIA") denial of his

applications for asylum, withholding of removal, and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). He also petitions for review of the BIA's denial of his motion remand to the Immigration Judge ("IJ"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.    The IJ and BIA's adverse credibility findings are supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B). Dauksh admitted that his application for asylum omitted the "most important reasons" for his purported persecution, including his allegation that his apartment had been confiscated. He further admitted that the address listed on a government report did not match the address listed on his asylum application; and that there were discrepancies between his sworn statements describing events after his concert on May 25, 2008. The BIA was not compelled to credit his unsubstantiated explanations for these discrepancies. Furthermore, the BIA did not err in considering the implausibility of Dauksh's inability to depart Belarus and his failure to seek asylum previously, given the ease and frequency of his travel between Belarus and other countries, including the United States. Thus, the BIA reasonably found that Dauksh failed to establish grounds for asylum and withholding of removal.

2.    The IJ and BIA did not err in denying Dauksh's claim under the CAT. "An adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). But Dauksh

2

does not argue any additional grounds to support his request for protection under CAT. Moreover, Dauksh admitted that he was never subjected to physical harm in Belarus, and his background materials concerning Belarus do not compel the conclusion that he is more likely than not to be tortured if removed. *See* 8 C.F.R. § 1208.16(c)(2); *Shrestha*, 590 F.3d at 1048. Thus, the BIA's conclusion that the IJ properly denied his request for protection under CAT is supported by substantial evidence.

3. The BIA did not err in denying Dauksh's motion to remand on the grounds that his counsel had been ineffective. *See Cano-Merida v. I.N.S.*, 311 F.3d 960, 964 (9th Cir. 2002). Dauksh did not comply with the threshold procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988). Dauksh has not shown that he notified his attorney of the substance of his ineffective assistance of counsel allegations or that his attorney was provided an adequate opportunity to respond. *Reyes v. Ashcroft*, 358 F.3d 592, 599 (9th Cir. 2004). Dauksh did not lodge a complaint with the state bar, and the BIA was not compelled to accept Dauksh's explanations as to why he failed to do so.

Additionally, the performance by Dauksh's counsel did not render his proceeding "fundamentally unfair" or prevent him "from reasonably presenting [his] case." *Id.* at 596. Indeed, Dauksh, through counsel, submitted an extensive

3

pre-hearing brief and voluminous records, including declarations from other individuals and background materials about Belarus.

4.      Nor did the BIA abuse its discretion in denying Dauksh's request to remand to the IJ. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098–99 (9th Cir. 2005). Dauksh proffered to the BIA additional declarations in support of his application, but did not articulate why this evidence was unavailable earlier or could not have been discovered earlier. *See* 8 C.F.R. § 1003.2(c)(1). Dauksh has not shown that the new evidence is "material," or that when considered together with the evidence presented at the original hearing, it would establish *prima facie* eligibility for the relief he sought. *See id.*; *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005); *Mendez–Gutierrez v. Gonzales*, 444 F.3d 1168, 1171–72 (9th Cir. 2006). Even accepting the new declarations, they are cumulative of the evidence Dauksh presented at the hearing. Thus, the BIA did not abuse its discretion in denying the motion to reopen proceedings.

5.      Finally, Dauksh has not shown that he was denied due process as a result of any purported translation errors. Dauksh has not proffered any evidence of any incorrectly translated words, unresponsive answers, or difficulty understanding what was being said to him during his proceedings. *See Perez-Lastor v. I.N.S.*, 208 F.3d 773, 777–78 (9th Cir. 2000). Nor did Dauksh

4

complain about any misstatements in his declarations until after the IJ denied him relief. To the contrary, Dauksh testified that his declarations were accurate.

Even assuming there were errors in the translation of Dauksh's declaration, he has not shown prejudice. *See id.* at 780. The IJ and BIA's adverse credibility decisions relied on numerous grounds, not just the inconsistency with respect to the events described in his declaration after the May 25, 2008, concert. Dauksh does not allege that any translation error obscured any of the other grounds on which the IJ and BIA relied, such as the important omissions in his asylum application about persecution, the different address listed on a government report from his asylum application, the implausibility of his inability to depart Belarus, and his failure to seek asylum despite frequent visits to the United States. Thus, Dauksh has not shown that any translation error influenced the outcome of proceedings. *See id.*

**PETITION FOR REVIEW DENIED.**