

**NOT FOR PUBLICATION**

OCT 9 2020

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDNA GRISELDA GARCIA PORTILLO; JORGE LUIS SORIA GARCIA; JOSE FRANCISCO SORIA GARCIA; MARLENE ZITLALI SORIA GARCIA, | No. 18-72255<br><br>Agency Nos.     A208-311-721<br>                     A208-311-744<br>                     A208-311-749<br>                     A208-311-750 |
|          Petitioners, | |
| v. | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
|          Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2020[**]
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and FREUDENTHAL,[***] District Judge.

---

    [*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]       The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

Edna Garcia Portillo petitions for review of a decision by the Board of Immigration Appeals ("BIA") holding that she is ineligible for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We deny the petition.

During removal proceedings, Garcia Portillo argued that she had faced persecution in her home state of Michoacán, Mexico. A relative sexually abused her as a child. While working for a federal agency, she was robbed by armed members of a drug cartel. On another occasion, she encountered members of a cartel trying to burn down city hall. In early 2015, after her brother Julio Cesar joined a cartel, several men came to her father and demanded to know his location or they would "take the entire family and chop them up." When Jose Luis, another of her brothers, left a cartel in October 2016, he was shot in the head. On a Facebook page that announced his murder, someone commented that "the only ones left to kill are [Jose Luis'] siblings."

We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). A finding is supported by substantial evidence unless "'any

---

[1] This memorandum refers to Garcia Portillo because she is lead petitioner, but her three children are derivative beneficiaries.

2

reasonable adjudicator would be compelled to conclude to the contrary' based on the evidence in the record." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

Substantial evidence supports the BIA's determination that Garcia Portillo failed to prove a nexus between harm and a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (providing that, to be eligible for asylum, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant"). The BIA permissibly concluded that Garcia Portillo's abuse as a child, her encounters with robbers and arsonists, and the threats related to her brothers lack any connection to political opinion, a particular social group, or any other protected ground.

Garcia Portillo's abuse as a child and encounters with criminals as an adult resulted from a general criminal enterprise and not from her political opinion or membership in a protected group. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). The persons who threatened Garcia Portillo's father sought to intimidate him into revealing Julio Cesar's location because they believed that he knew that information; he was not threatened because of family membership. And the BIA permissibly disregarded the Facebook comment by an unknown person as insufficient to give rise to a well-founded fear of persecution. *See Mendez-*

*Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006) (stating that a petitioner's "vague . . . allegations of fear for [her] life" are insufficient to support such a finding).

We need not decide whether the BIA erred by failing to address expressly Garcia Portillo's claim for withholding of removal under the proper legal standard. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 356–60 (9th Cir. 2017) (holding that the legal standard for proving nexus for withholding of removal is less stringent than that for proving nexus for asylum). Even assuming that the BIA erred, any error was harmless because substantial evidence supports the conclusion that there was <u>no</u> nexus between the harm and a protected ground. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam) (declining to remand in these circumstances because it "would be an idle and useless formality" (internal quotation marks omitted)).

Substantial evidence supports the BIA's conclusions that it is not likely that Garcia Portillo will be tortured in Mexico with the acquiescence of a public official, and that she is therefore ineligible for relief under CAT.

**PETITION DENIED.**