**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL ANGEL REYES SANCHEZ, | No. 19-73043 |
| Petitioner, | Agency No. A215-862-466 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2021**
Phoenix, Arizona

Before: W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Miguel Angel Reyes Sanchez, a native and citizen of Cuba, petitions for review of the BIA's decision concluding that he failed to demonstrate his eligibility for asylum. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Reyes Sanchez argues the BIA erred in concluding that he failed to establish an objectively reasonable, well-founded fear of future persecution in Cuba. "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (internal quotation marks and citation omitted). An objectively reasonable fear of persecution "may be established either by the presentation of credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution, or through a showing by an asylum applicant that he or she has suffered persecution in the past." *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (internal quotation marks and citation omitted).

Whether Reyes Sanchez established an objectively reasonable fear of future persecution is the only issue presented here,[1] and substantial evidence supports the BIA's determination that he did not make this showing. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (explaining that the possibility of future persecution was "too speculative"). In 2016, Reyes Sanchez was detained for attempting to illegally depart Cuba. After this, he publicly expressed anti-government views and

---

[1] To the extent Reyes Sanchez argues that he proved past persecution, he failed to raise that issue before the BIA. Thus, we may not consider it. *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue.").

2

refused to attend local pro-government meetings. The Cuban government was aware of his opposition. Nonetheless, three years later, in 2019, he was allowed to legally depart Cuba. Further, he was never arrested for his statements or actions and obtained a visa and left the county without incident. Although "it may have been *possible*" for the agency to find Reyes Sanchez has an objectively reasonable fear, based on his testimony regarding government surveillance and vague threats made against him by local officials, the evidence does not "*compel*[] [that] conclusion." *Duran-Rodriguez*, 918 F.3d at 1028; *see also Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1171–72 (9th Cir. 2006) (explaining that vague and conclusory allegations regarding threats are insufficient to establish a well-founded fear of persecution).

**PETITION FOR REVIEW DENIED.**[2]

---

[2] Reyes Sanchez's motion for a stay of removal is denied as moot.