NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YESSICA YISEL AMAYA HERNANDEZ; ANDREA SOLASH AMAYA HERNANDEZ, | No. 23-2158 |
| | Agency Nos. |
| Petitioners, | A215-912-358 |
| | A215-912-359 |
| v. | |
| | MEMORANDUM* |
| PAMELA J. BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2025**
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Yessica Yisel Amaya Hernandez ("Amaya") and her minor child, Andrea

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Solash Amaya Hernandez,[1] natives and citizens of Honduras, petition for review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

1.      Substantial evidence supports the agency's conclusion that Amaya did not establish eligibility for asylum or withholding of removal because she did not demonstrate past persecution or a well-founded fear of future persecution. The single death threat that Amaya received does not compel a finding of past persecution. Only in "certain extreme cases" have we "held that repeated and especially menacing death threats can constitute a primary part of a past persecution claim, particularly where those threats are combined with confrontation or other mistreatment." *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000).

In the absence of past persecution, Amaya was not entitled to a presumption of a well-founded fear of future persecution. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006). Instead, she was required to prove that her fear was "both subjectively genuine and objectively reasonable." *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007). "The objective component is more demanding and

---

[1]      Although Andrea filed her own application for relief, her claims are entirely based on Amaya's experiences.

requires credible, direct, and specific evidence" that an applicant "faces an individualized risk of persecution or that there is a pattern or practice of persecution against similarly situated individuals." *Id.* (cleaned up). Amaya testified that she fears if she returns to Honduras, the people who threatened her "could do something to me, or to my daughter." Such "vague and conclusory allegations of fear" of returning to Honduras "are clearly insufficient to support a finding of a well-founded fear of future persecution." *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006).[2] Nor does the country conditions evidence, although documenting widespread crime, compel a conclusion of an individualized risk of future harm.

2.      Substantial evidence also supports the agency's denial of CAT relief. To obtain CAT protection, an applicant must "establish that it is more likely than not that he or she would be tortured if removed." 8 C.F.R. § 1208.16(c)(2). Past torture "is ordinarily the principal factor" in determining a likelihood of future torture, *Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005), and Amaya did not present evidence of past torture. Amaya argues that the country conditions evidence, which corroborates her "assertion of widespread violence and lawlessness," satisfies her burden of proof. But "generalized evidence of violence and crime" does not meet her burden. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

---

[2]    Amaya also testified that a cousin was killed by gang members upon returning from the U.S. five years prior. But she did not expand upon this statement in a way that compelled a finding of a risk of future harm to her.

Nor does the record compel a finding of government acquiescence in future torture. "[E]vidence that a government has been generally ineffective in preventing or investigating criminal activities" does not "raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). The country conditions evidence indicates that Honduran law prohibits torture and other cruel, inhuman, or degrading treatment, and that government officials investigate reports of such behavior.

**PETITION FOR REVIEW DENIED.** The stay of removal, **Dkt. 3**, shall dissolve on the issuance of the mandate.