NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLORIA MAGDONY GUOX BATEN; JOSE FERNANDO AZ GUOX; ANDERSON OMAR AZ GUOX,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-1285<br><br>Agency Nos.<br>A202-017-754<br>A202-017-755<br>A202-017-756<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2025[**]
Pasadena, California

Before: TALLMAN, CLIFTON, and CHRISTEN, Circuit Judges.

Gloria Magdony Guox Baten and her minor sons,[1] citizens of Guatemala,

petition for review of a decision by the Board of Immigration Appeals ("BIA")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Petitioner Gloria Magdony Guox Baten is the Lead Petitioner in this case. Her two minor sons are derivative beneficiaries.

affirming the denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review legal conclusions *de novo* and factual findings for substantial evidence, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), and we deny the petition.

1. Petitioner argues that the BIA acted improperly by upholding the Immigration Judge's ("IJ") denial of her claims for asylum and withholding of removal on adverse credibility grounds, rather than re-visiting its nexus determination. We reject this argument. The remand motion merely permitted the BIA to reconsider its nexus analysis, but did not require it to do so. Because the remand order did not restrict the BIA's analysis, the BIA did not violate the scope of the remand in denying Petitioner's claims for asylum and withholding of removal solely on credibility grounds. *See Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172–73 (9th Cir. 2006) (BIA is bound by the scope of a Ninth Circuit remand only where it clearly limits the scope of remand).

2. Petitioner failed to establish her eligibility for asylum and withholding of removal because she did not present adequate credible evidence to carry her burden of proof. The agency considered the totality of the circumstances and provided specific, cogent reasons for its adverse credibility determination, identifying numerous inconsistencies and omissions between Petitioner's sworn

statements to immigration officials at the border, her declaration, and her in-court testimony. The BIA correctly found that Petitioners' sworn statements provided during her border interviews bore sufficient indicia of reliability. *Singh v. Gonzales*, 403 F.3d 1081, 1089 (9th Cir. 2005). During those initial interviews, Petitioner explicitly stated that no one would harm her if she returned to Guatemala. Because Petitioner first "affirmatively denied" a fear of returning to Guatemala and later expressed that precise fear, the agency reasonably concluded there was a "valid discrepancy" between her border interviews and later testimony. *See Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004), *superseded on other grounds by statute*, 8 U.S.C. § 1158(b)(1)(B)(iii).

Petitioner maintains that she adequately explained the discrepancies in her accounts. We disagree. The agency was reasonably unpersuaded that Petitioner's nervousness, confusion, and concern that her answers would be shared with her husband explained the discrepancies. The IJ reasonably found that Petitioner provided no plausible reason for "conceal[ing] her alleged fear of returning to Guatemala while interviewed at the border" and that the CBP officer "clearly advised [Petitioner] that if she feared returning to her country, she would be given a separate interview where she could speak privately and confidentially with another officer." The IJ also reasonably rejected Petitioner's excuse that she was too scared to answer certain questions honestly given that she "provided accurate information

on every other matter about which she was questioned except for the facts which undermined her claim." *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) (affirming adverse credibility finding where the petitioner's testimony involved nontrivial inconsistencies including mistaken dates and omitting mention of serious harm when interviewed at the border). Because Petitioner has failed to identify evidence compelling the conclusion that she satisfactorily reconciled or otherwise explained her inconsistent stories, the agency's adverse credibility finding is supported by substantial evidence. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).

3. The agency reasonably concluded that Petitioner's documentary evidence did not rehabilitate her credibility. Petitioner claims that she could not foresee the need to provide additional evidence to rehabilitate her testimony because she expected her testimony to be deemed credible and because the sworn statements used to impeach her credibility were introduced by DHS during cross-examination at her merits hearing. But Petitioner presented no argument to the BIA or in her opening brief to us that her admitted documentary evidence rehabilitates her testimony. Petitioner's only argument in her opening brief is that the IJ excluded her late-proffered declaration without reviewing its probative or prejudicial value, but she does not articulate how that declaration would have rehabilitated the multiple inconsistencies in her testimony. Consequently, she has both failed to exhaust and

forfeited any argument that the admitted documentary evidence rehabilitates her testimony. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (requiring petitioners to raise issues before the BIA in the first instance); *Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) ("[I]ssues not raised in a petitioner's opening brief are waived.").[2]

4.      The agency appropriately considered and rejected Petitioner's argument that the immigration judge's exclusion of a late-proffered declaration deprived her of due process. Petitioner gave no reasonable explanation for failing to meet the deadline. *See* 8 C.F.R. § 1003.31(h) (2022) ("If an application or document is not filed within the time set by the immigration judge, the opportunity to file that application or document shall be deemed waived."). Furthermore, Petitioner failed to show that she was prejudiced by the exclusion of the declaration, or that it would have persuaded the IJ to find her persecution claim credible. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (providing that prejudice is demonstrated when a noncitizen establishes that the outcome of the proceeding may have been affected by the alleged due process violation).

5.      Finally, Petitioner has made no argument that the record compels

---

[2] Even if we assumed *arguendo* that Petitioner appropriately preserved this challenge, we can see no way in which the documentary record rehabilitates the numerous inconsistencies in her testimony, including her sworn statements during her border interviews that she did not fear harm if she was returned to Guatemala.

reversal of the agency's denial of her CAT claim and has thereby forfeited the argument. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (issues not "specifically and distinctly" addressed in the opening brief are forfeited).

**PETITION DENIED.** The temporary stay of removal shall dissolve when the mandate issues. Petitioner's motion to stay removal, Dkt. 3, is otherwise denied.