NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EVELYN YANIRA RODRIGUEZ CRUZ
AND J.N.R.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3159

Agency Nos.
A220-488-780
A220-488-781

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2025**
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Petitioners Evelyn Yanira Rodriguez Cruz and her minor son (collectively

"Rodriguez") petition for review of a decision of the Board of Immigration

Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge

("IJ") denying asylum, withholding of removal, and protection under the

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel previously granted the parties' joint motion to submit this
case on the briefs [Dkt. 32].

Convention Against Torture ("CAT"). Our review is limited to the grounds relied upon by the BIA. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). We review claims of due process violations de novo. *See Jacinto v. INS*, 208 F.3d 725, 727 (9th Cir. 2000). We review factual findings underlying denials of asylum, withholding of removal, and CAT protection for substantial evidence. *See Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

1. Rodriguez contends that the IJ violated her due process rights by failing to develop the record when she appeared pro se. "The Fifth Amendment guarantees that individuals subject to [removal] proceedings receive due process," which requires "a full and fair hearing." *Jacinto*, 208 F.3d at 727. Because noncitizens appearing pro se may be unfamiliar with immigration law, "it is the IJ's duty to fully develop the record," to "adequately explain the hearing procedures," and to "conscientiously probe into, inquire of, and explore for all the relevant facts." *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) (quotation marks and citation omitted).

Here, the IJ posed questions to explore Rodriguez's potential bases for relief, invited Rodriguez to explain her claim, and asked Rodriguez pertinent questions directed at determining whether she was eligible for relief based on her fear of future persecution. Because the IJ appropriately developed the record, the BIA did

not err in refusing to find a due process violation. *See Gonzalez-Castillo v. Garland*, 47 F.4th 971, 983 (9th Cir. 2022) (finding record sufficiently developed where the IJ asked relevant questions to determine whether the petitioner was eligible for relief and offered him the opportunity to provide further information to support his claim).[1]

2. Substantial evidence supports the denial of Rodriguez's asylum and withholding of removal claims because she did not establish past persecution, nor demonstrate an objectively reasonable well-founded fear of future persecution. Rodriguez provided no evidence that she experienced past harm or mistreatment in Guatemala. Moreover, Rodriguez did not identify evidence suggesting that she would be singled out for persecution upon her return to Guatemala. Her "vague and conclusory allegations of fear" of widespread crime in Guatemala are "clearly insufficient to support a finding of a well-founded fear of future persecution." *See Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (noting that the "well-founded fear" standard of proof for asylum is less demanding than the "more

---

[1] In her opening brief, Rodriguez also asserts the IJ denied her due process by failing (1) to explain the government's burden of proof in establishing her removability, (2) to describe the law governing particular social groups ("PSGs") and (3) to help Rodriguez formulate her own PSGs. However, as the government notes, Rodriguez did not raise, and thus failed to exhaust, these claims before the agency. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

likely than not" standard of proof for withholding).

3. "[T]orture is more severe than persecution and the standard of proof for [a] CAT claim is higher than the standard of proof for an asylum claim." *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005). Moreover, "[g]eneralized evidence of violence and crime is insufficient to establish a likelihood of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023). Because Rodriguez did not establish that it is more likely than not that she personally would be tortured if removed, substantial evidence supports the agency's denial of CAT protection.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for stay of removal, Dkt. 2, and the renewed motion for stay of removal, Dkt. 17, are otherwise denied.