NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JENNIFER ALEJANDRA MOJICA BALAGUERA; S. N. O. M., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-2360 <br><br> Agency Nos. <br> A240-083-177 <br> A240-083-178 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2026[**]
Pasadena, California

Before: WARDLAW and DE ALBA, Circuit Judges, and BROWN, District
Judge.[***]

Petitioners Jennifer Alejandra Mojica Balaguera and her minor child, natives

and citizens of Colombia, seek review of the Board of Immigration Appeals'

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

("BIA") decision affirming an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") as well as the denial of the motion for remand. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the BIA's finding that Petitioner did not establish a nexus between the harm she experienced or a fear of future harm and a protected ground.[1] *See* 8 U.S.C. § 1158(b)(1)(B)(i). The record does not compel a finding that Petitioner's actual or imputed political opinion or her familial relationship motivated her assailants. *See INS. v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *Ahmed v. Keisler*, 504 F.3d 1183, 1192 (9th Cir. 2007). Petitioner conceded that the perpetrators only cared about the potential money her father left her, and she failed to present any evidence that the perpetrators were motivated by—or were even aware of—her father's political affiliation. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1020 (9th Cir. 2023); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1032 (9th Cir. 2014). Evidence that a criminal targeted a family member "only as an instrumental means to obtain money" does not compel the conclusion that the criminal was motivated by a protected ground. *See Rodriguez-Zuniga*, 69 F.4th at 1019–21 & n.4. Nor can Petitioner demonstrate that

---

[1] References to the Petitioner in the singular are to the lead Petitioner, unless otherwise indicated.

she was targeted on account of her gender or age given her concession that the perpetrators' motive in assaulting her was theft. *Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir. 2010) ("A[] [noncitizen's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." ). In fact, Petitioner testified before the IJ that she had never been threatened in Colombia on account of her gender. Because "[t]he lack of a nexus to a protected ground is dispositive of [her] asylum and withholding of removal claims," Petitioner's asylum and withholding claims fail.[2] *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

2. Substantial evidence supports the BIA's finding that the Colombian government's ineffective enforcement of laws does not rise to the level of acquiescence. "Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime. Instead, there must be evidence that the police are unable or unwilling to oppose the crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014); *see also Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). In Petitioner's case, the police did not pursue the investigation of the break-in and assault because Petitioner and her family did not complete the

---

[2] Accordingly, we decline to address the other issues presented in Petitioner's brief regarding the BIA and IJ's analysis of her asylum and withholding of removal claim.

necessary steps for starting an investigation.  The record does not compel a finding that the police were unable or unwilling to investigate the break-in when Petitioner failed to provide the information required to move the investigation forward.  *Rahimzadeh v. Holder*, 613 F.3d 916, 922 (9th Cir. 2010); *see also Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).  Thus, Petitioner has not met her burden of showing that she is "more likely than not" to be tortured upon removal.  *See* 8 C.F.R § 1208.16(c)(2).

3.  The BIA did not abuse its discretion in denying the motion to remand the minor Petitioner's case because her visa priority date is not current. The minor Petitioner needed to make a prima facie showing that she was eligible for adjustment of status.  *See Silva v. Garland*, 993 F.3d 705, 718–19 (9th Cir. 2021); *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013).  However, the minor Petitioner cannot demonstrate a "reasonable likelihood" that she has met the statutory requirements for adjustment of status because her visa is not immediately available.  *See Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1171 (9th Cir. 2006) (quoting *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003); *see also* 8 U.S.C. § 1255(a).

Moreover, Petitioner's argument that remand is warranted because the BIA and IJ erred in light of the Ninth Circuit's holding in *C.J.L.G. v. Barr*, 923 F.3d 622 (9th Cir. 2019), is unavailing.  In *C.J.L.G.*, we  held that the information

presented during removal proceedings that one of the parents had not been involved in the child's life triggered the IJ's obligation to advise the child of the availability of Special Immigrant Juvenile Status ("SIJS") relief. *Id.* at 627. This information included that the minor petitioner's father left "a long time ago," and the minor Petitioner stated that he had no contact with his father for "many years," demonstrating that "reunification with one parent might be impossible due to . . . abandonment." *Id.* Accordingly, the Court remanded the case so the IJ could consider granting a continuance while the petitioner navigated the SIJS process.[3] *Id.* Here, the only relevant evidence was that Petitioner was not married, that she had a minor child, and that the father's current location was unknown. Besides this information, there is no indication that the IJ was aware that the minor Petitioner may have been eligible for SIJS. Nor from these facts alone is there a "reasonable possibility that the petitioner may be eligible for relief." *Id.*

---

[3] Special Immigrant Juvenile Status (SIJS) is a humanitarian immigration protection that provides a pathway to lawful permanent residence for noncitizen children up to the age of 21 years who have been abused, neglected, or abandoned by their parent(s), and where a state juvenile court has determined that it is not in the child's best interest to be returned to their country of origin. U.S. Citizenship & Immigr. Servs. Pol'y Manual, Chapter 7 - Special Immigrant Juveniles. A child whose SIJS application is approved by U.S. Citizenship and Immigration Services can apply for lawful permanent residence only once a visa is immediately available and they meet other eligibility requirements. 8 U.S.C. § 1255(a); 8 CFR § 245

25-2360

Thus, because the minor Petitioner cannot meet the statutory requirements for adjustment of status and because the IJ did not err in neglecting to advise the minor Petitioner about SIJS relief, we deny the petition.

**PETITION DENIED.**[4]

---

[4] The motion for a stay of removal (Dkt. No. 2) is denied.